# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FILED - GR**
May 15, 2026 1:10 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JJ 15-15

**JONATHAN DAVID DEAK,**

*Plaintiff,*

v.

Case No. _____

**MIKE SCHUITEMA, in his official capacity as the prosecutor for EMMET COUNTY MICHIGAN, DANA NESSEL, in her official capacity as Attorney General of the State of Michigan,**

*Defendants.*

**1:26-cv-1610
Paul L. Maloney
United States District Judge**

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PURSUANT TO 42 U.S.C. § 1983

## INTRODUCTION

1. Plaintiff Jonathan David Deak in propria persona[1] brings this civil rights action under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, seeking declaratory and injunctive relief against the enforcement of Michigan Compiled Laws § 750.165 ("Criminal Nonsupport") as applied to Plaintiff. Specifically, Plaintiff challenges the constitutionality of criminally prosecuting an individual for failing to comply with a civil child support order that was entered without affording the individual the right to counsel, in violation of the Due Process Clause of the Fourteenth Amendment.

---

[1] Haines v Kerner 404 US 519(1972)

2. Plaintiff was denied the right to counsel in the underlying civil proceeding in the 57th Circuit Court for Emmet County, Michigan, in which the child support order was issued. Plaintiff was never offered appointed counsel and, upon requesting representation, was denied. Plaintiff now faces the threat of felony prosecution under MCL § 750.165 — carrying a penalty of up to four (4) years' imprisonment — for failure to comply with that very order. This prosecution would violate Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. In addition, Plaintiff has a disability that impairs his ability to litigate personal family court matters, including child support proceedings. The denial of counsel in the civil proceeding was particularly prejudicial given Plaintiff's disability, which further limited his capacity to understand, contest, or seek modification of the support order without legal assistance.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction), as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and the Fourteenth Amendment.

5. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Injunctive relief is authorized pursuant to 42 U.S.C. § 1983 and the general equity powers of this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Emmet County, Michigan, which is within the Western District of Michigan, Southern Division, and the Defendant maintains offices in Lansing, Michigan, which is also within this district.

## PARTIES

8. Plaintiff Jonathan David Deak is a natural person, the son of GOD, and citizen of the State of Michigan, residing at 11701 Davis Creek Dr., Wolverine, Michigan 49799. Plaintiff is indigent, has a disability that impairs his ability to litigate family court matters, and is unable to afford legal representation.

9. Defendant Dana Nessel is the Attorney General of the State of Michigan and is sued in her official capacity only. The Attorney General is responsible for the enforcement of the criminal laws of the State of Michigan, including MCL § 750.165. The Attorney General acts under color of state law within the meaning of 42 U.S.C. § 1983.

## STATEMENT OF FACTS

10. At a time and date to be more specifically established at trial, the 57th Circuit Court for Emmet County, Michigan, entered a civil order requiring Plaintiff to pay child support in a specified amount and on a specified schedule.

11. At the time the civil child support proceedings were conducted, Plaintiff was indigent and unable to afford private legal counsel.

12. Plaintiff has a disability that impairs his ability to litigate personal family court matters, including child support proceedings. This disability further compounded the prejudice resulting from the denial of counsel.

13. Plaintiff was never offered appointed counsel to represent Plaintiff in the civil child support proceeding.

14. Plaintiff affirmatively requested the appointment of counsel to assist in the civil child support proceeding and was denied.

15. The civil child support order was entered without Plaintiff having the benefit of legal representation at any stage of the proceeding.

16. Plaintiff did not have legal training or expertise sufficient to understand, contest, or seek modification of the terms of the child support order, and Plaintiff's disability further limited his ability to do so.

17. Plaintiff is currently in arrears on the child support obligation established by the civil order.

18. Under MCL § 750.165, an individual who intentionally or knowingly fails to pay court-ordered child support commits a felony punishable by up to four (4) years' imprisonment in the Michigan Department of Corrections.

19. The Emmet County Prosecuting Attorney and/or the Michigan Attorney General have the authority to initiate criminal prosecution against Plaintiff under MCL § 750.165 based on Plaintiff's child support arrearages.

20. Plaintiff faces a credible, imminent threat of criminal prosecution under MCL § 750.165. Plaintiff is in arrears on a child support obligation, and the State of Michigan regularly prosecutes individuals in similar circumstances under this statute.

21. Plaintiff has no pending state criminal charges under MCL § 750.165 at the time of the filing of this Complaint.

## LEGAL FRAMEWORK

### A. The Derivative Nature of MCL § 750.165

22. MCL § 750.165 does not create a freestanding criminal offense based on independent criminal conduct. Unlike crimes such as theft, assault, or fraud, the offense of criminal nonsupport is defined entirely by reference to a prior civil court order.

23. The existence of a court order requiring the defendant to pay support is an express, essential element of the offense under MCL § 750.165(1). Without such a civil order, no criminal prosecution can be sustained.

24. The civil order defines every material term of the criminal offense: the amount of support owed, the schedule of payments, and the standard against which compliance or noncompliance is measured. The criminal statute is a hollow vessel without the civil order to supply its operative terms.

25. Because the criminal prosecution under MCL § 750.165 is wholly derivative of and dependent upon the underlying civil support order, any constitutional deficiency in the civil proceeding that produced that order necessarily infects and invalidates any subsequent criminal prosecution premised upon it.

## B. The Right to Counsel and Due Process

26. In *Turner v. Rogers*, 564 U.S. 431 (2011), the Supreme Court of the United States addressed whether the Due Process Clause of the Fourteenth Amendment requires the provision of counsel to indigent individuals in civil contempt proceedings for child support. The Court held that, at minimum, adequate substitute procedural safeguards must be provided when an individual faces incarceration as a result of a civil support proceeding.

27. In *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981), the Supreme Court held that due process may require appointed counsel in civil cases where personal liberty is at stake, to be evaluated on a case-by-case basis applying the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

28. Application of the *Mathews v. Eldridge* factors weighs heavily in favor of Plaintiff: (a) the private interest at stake is Plaintiff's physical liberty, the most fundamental interest protected by due process; (b) the risk of erroneous deprivation through the procedures used was substantial, given Plaintiff's indigence, disability, lack of legal training, and the absence of counsel or any substitute safeguards; and (c) the government's interest in accurate child support determinations is actually advanced, not undermined, by providing counsel, as representation helps ensure that support orders are set at realistic and payable amounts.

29. Plaintiff was provided neither appointed counsel nor any adequate substitute procedural safeguards in the civil child support proceeding. Plaintiff's request for counsel was affirmatively denied.

30. The child support order entered without counsel or adequate safeguards was therefore constitutionally deficient, and any criminal prosecution predicated upon that order is similarly constitutionally infirm.

### C. The Americans with Disabilities Act and Rehabilitation Act

31. Plaintiff has a disability that impairs his ability to litigate personal family court matters, including child support proceedings. The failure of the 57th Circuit Court to provide accommodations — including the appointment of counsel — further compounded the constitutional deficiency of the civil proceeding and the resulting support order.

32. The denial of counsel to an indigent, disabled litigant in a civil proceeding that would later serve as the sole predicate for felony criminal prosecution is particularly egregious and underscores the fundamental unfairness of the scheme challenged herein.

### CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF THE FOURTEENTH AMENDMENT — DUE PROCESS

### (42 U.S.C. § 1983)

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

35. Plaintiff was denied the right to counsel in the civil proceeding that established the child support order. This denial occurred despite Plaintiff's indigence, despite Plaintiff's disability, and despite Plaintiff's affirmative request for appointed counsel.

36. The civil child support order was entered without the constitutional minimum of procedural due process protections, including the right to counsel or adequate substitute safeguards as required under *Turner v. Rogers* and *Lassiter v. Department of Social Services*.

37. MCL § 750.165 expressly incorporates the civil support order as an element of the criminal offense. The criminal prosecution is therefore wholly dependent on and derivative of the constitutionally deficient civil proceeding.

38. Enforcement of MCL § 750.165 against Plaintiff — subjecting Plaintiff to felony prosecution and up to four years' imprisonment based on a civil order entered without due process — violates the Fourteenth Amendment to the United States Constitution.

39. Plaintiff faces a credible threat of irreparable harm in the form of criminal prosecution, potential incarceration, and the collateral consequences of a felony conviction, all arising from a constitutionally deficient civil order.

## COUNT II

## VIOLATION OF THE SIXTH AMENDMENT — RIGHT TO COUNSEL

### (Applied Through the Fourteenth Amendment; 42 U.S.C. § 1983)

40. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

41. The Sixth Amendment to the United States Constitution guarantees the right to the assistance of counsel in all criminal prosecutions.

42. Although the child support order was entered in a nominally civil proceeding, the proceeding functionally determined the terms of Plaintiff's future criminal liability under MCL § 750.165. The civil proceeding established every material element of the criminal offense: the existence of the order, the amount owed, the payment schedule, and the standard for measuring noncompliance.

43. Where a civil proceeding effectively determines the elements of a subsequent criminal prosecution, the Sixth Amendment right to counsel should attach at the civil stage, because the civil proceeding is the functional equivalent of a critical stage of the criminal prosecution.

44. Plaintiff was denied the right to counsel at this critical stage. Enforcing MCL § 750.165 against Plaintiff therefore violates the Sixth Amendment as applied through the Fourteenth Amendment.

## COUNT III

### VIOLATION OF DUE PROCESS — FUNDAMENTAL FAIRNESS

### (42 U.S.C. § 1983)

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. The Due Process Clause prohibits the government from employing procedures that are fundamentally unfair or that create an impermissible risk of erroneous deprivation of liberty.

47. The State of Michigan, through the 57th Circuit Court, denied Plaintiff legal representation in the civil proceeding that created the support obligation. Plaintiff is indigent and has a disability that further impairs his ability to litigate family court matters without assistance. The State then seeks to use the product of that constitutionally deficient proceeding — the support order — as the predicate for felony criminal prosecution under MCL § 750.165.

48. This scheme creates a due process trap: the State denies the individual legal counsel during the proceeding that defines the obligation, and then criminalizes the individual's failure to comply with an order the individual had no legal assistance in understanding, contesting, or seeking modification of. This is fundamentally unfair and violates the Due Process Clause of the Fourteenth Amendment.

49. The civil support order is not merely evidence in the criminal case; it is an essential element of the offense. The constitutional adequacy of the proceeding that produced the order is therefore directly and inextricably relevant to the validity of any criminal prosecution based upon it.

**IRREPARABLE HARM**

50. Absent injunctive relief from this Court, Plaintiff faces a credible and imminent threat of felony prosecution under MCL § 750.165, which carries a sentence of up to four (4) years' imprisonment.

51. The threat of criminal prosecution based on a constitutionally deficient civil order constitutes irreparable harm that cannot be remedied by monetary damages.

52. Plaintiff's liberty interest is directly threatened. Incarceration, even if later determined to be unconstitutional, cannot be undone. The collateral consequences of a felony conviction — including damage to employment prospects, housing, civil rights, and reputation — are severe and often permanent.

53. There is no adequate remedy at law for the deprivation of constitutional rights.

## YOUNGER ABSTENTION DOES NOT APPLY

54. The abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), does not bar this action.

55. There is no pending state criminal prosecution against Plaintiff under MCL § 750.165 at the time of filing this Complaint. Younger abstention applies only where there is an ongoing state proceeding. Because no state criminal proceeding has been initiated, the Younger doctrine is inapplicable.

56. This action is a pre-enforcement challenge to the constitutionality of MCL § 750.165 as applied to Plaintiff. Pre-enforcement challenges are a well-recognized vehicle for vindicating constitutional rights in federal court. See *Steffel v. Thompson*, 415 U.S. 452 (1974).

57. Even if Younger were potentially applicable, this case falls within recognized exceptions to the doctrine, including: (a) the patently unconstitutional application of a statute; and (b) the inadequacy of the state forum to address the constitutional deficiency, where the very deficiency complained of — denial of counsel — is a product of the state system itself.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jonathan David Deak respectfully requests that this Court:

**A.** Issue a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that the application of MCL § 750.165 to criminally prosecute individuals for failing to comply with civil child support orders entered without the appointment of counsel or adequate procedural safeguards violates the Due Process Clause of the Fourteenth Amendment, the Sixth Amendment right to counsel, and the principles of fundamental fairness embodied in the United States Constitution;

**B.** Issue a Preliminary and Permanent Injunction enjoining the Defendant, her agents, officers, employees, and all persons acting in concert with them, from initiating, maintaining, or pursuing criminal prosecution of Plaintiff under MCL § 750.165 based on the child support order entered by the 57th Circuit Court for Emmet County without the provision of counsel or adequate procedural safeguards;

**C.** Award Plaintiff costs and expenses of this action pursuant to 42 U.S.C. § 1988;

**D.** Grant such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff does not demand a jury trial in this matter, as Plaintiff seeks only equitable relief in the form of declaratory and injunctive relief.

Respectfully submitted,

By: Jonathan David Deak, In Propria Persona

**Residential Address:**
11701 Davis Creek Dr.
Wolverine, Michigan 49799

**Mailing Address:**
9257 Culebra Rd STE 101 PMB 1042
San Antonio, Texas 78251

Telephone: (231) 330-6825
Email: JonathanDeak@gmail.com

Dated: 5-12-2026

## VERIFICATION

I, Jonathan David Deak, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the

foregoing statements of fact are true and correct to the best of my knowledge, information, and

belief.

By: Jonathan David Deak

Dated: 5-12-2026

CERTIFICATE OF SERVICE

I, Jonathan David Deak, certify that on May the 12th, in the year of our Lord two-thousand and twenty-six that I served copies of a Civil Cover Sheet with one attachment, one application to proceed without preparing fees, two summons for the defendants, two summons forms, one for each defendant, an application for electronic filling, a complaint for declaratory and injunctive relief, and a memorandum in support thereof, by first class mail, tracking number 9505 5132  1378 6132 7032 65 to the United States District Court for the Western District of Michigan Southern Division at 399 Federal Bldg, 110 Michigan St NW Grand Rapids MI 49503.

By: Jonathan David Deak
Date:5-12-2026

Plaintiff
Jonathan David Deak
Residential Address
℅ 11701 Davis Creek Dr.
Wolverine, Michigan [49799]

Mailing Address
℅ 9257 Culebra Rd.
STE 101 PMB 1042
San Antonio, Texas [78251]

e-mail
JonathanDeak@gmail.com
Phone
231-330-6825

Defendants

Mike Schuitema
In his official capacity as the prosecutor
For EMMET COUNTY MICHIGAN
200 Division St.
Petoskey, MI 49770

Dana Nessel
In her official capacity as the
ATTORNEY GENERAL
For the STATE OF MICHIGAN
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Langssing, MI 48909



**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Jonathan David Deak
c/o 11701 Davis Creek Dr
Wolverine, Michigan [49799]

TO: US District Court
for the western district of
Michigan southern division
399 southern Federal Building
110 Michigan St NW
Grand Rapids, MI 49503

Label 228, December 2023      FOR DOMESTIC AND INTERNATIONAL USE

**TRACKED ■ INSURED**



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



**UNITED STATES POSTAL SERVICE.**     *Retail*

**P**     US POSTAGE PAID

**$12.90**     Origin: 78218
05/12/26
4879760218-99

**PRIORITY MAIL®**

1 Lb 8.70 Oz

RDC 03

EXPECTED DELIVERY DAY:  05/16/26

C040

SHIP
TO:

STE 399
110 MICHIGAN ST NW
GRAND RAPIDS MI 49503-2317

**USPS TRACKING® #**

9505 5132 7378 6132 7832 65

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

This package is made from post-consumer waste. Please recycle - again.