UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN DAVID DEAK,

        Plaintiff,                       Hon. Paul L. Maloney

v.                                  Case No. 1:26-cv-01610

MIKE SCHUITEMA, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on May 15, 2026, against Mike Schuitema and Dana Nessel in their official capacities as the Emmet County Prosecuting Attorney and the Michigan Attorney General, respectively.  (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

## BACKGROUND

In his complaint, Plaintiff alleges that he was "denied the right to counsel" in state child support proceedings, resulting in the issuance of a child support order against him. (ECF No. 1, PageID.1-2).  Plaintiff further alleges that he is in arrears on his child support obligation and is facing felony prosecution but that he has no pending charges

1

currently.    (ECF No. 1, PageID.4-5).    Plaintiff states that Defendants "have the authority to initiate criminal prosecution against [him]."    (ECF No. 1, PageID.4). Plaintiff asserts 42 U.S.C. § 1983 claims for violations of his due-process rights under the Fourteenth Amendment and his right to counsel under the Sixth Amendment. (ECF No. 1, PageID.7-12).    Plaintiff requests declaratory and injunctive relief.    (ECF No. 1, PageID.12).

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).    As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."    *Id.* at 678.    If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "    *Id.*    As the Court further observed:

> Two working principles underlie our decision in *Twombly*.    First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.    Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .    Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock

2

the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

### I. Standing

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction."  *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Regardless of whether the parties raise the issue, a federal court is obligated to examine its subject matter jurisdiction sua sponte. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998).

Article III of the Constitution limits the "judicial power" of federal courts to "cases" and "controversies."  U.S. Const. art. III, § 2.  Standing is one component of Article III jurisdiction.  If a plaintiff lacks Article III standing, the court has no subject matter jurisdiction to hear the claim.  *Imhoff Inv., LLC v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015); *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005) (citing *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992)).  This Court has no authority to render advisory opinions, issue opinions on abstract principles, or hear generalized grievances.  *See Allen v. Wright*, 468 U.S. 737, 751 (1984); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  Thus, a plaintiff seeking relief must show that he has standing to assert a claim.

To establish Article III standing, an injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."  *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149 (2010).  An injury in fact requires " 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' "  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).  The alleged harm " 'must affect the plaintiff in a personal and individual way.' "  *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

Here, Plaintiff fails to sufficiently allege an injury that is "actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  Plaintiff does not explain how he was harmed by Defendants to give him standing for this suit.  Plaintiff merely asserts in his complaint that Defendants "have the authority to initiate criminal prosecution against [him]" (ECF No. 1, PageID.4) but later admits that that he "has no pending state criminal charges" although he was in arrears in child support (ECF No. 1, PageID.5).  Plaintiff relies on a possible future injury as the basis for his claims, but his injury is merely speculative and overall insufficient to establish standing.  *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013).

4

## II. Failure to State a Claim

Plaintiff makes no specific allegations against either Defendant, other than to note that they both have the authority to prosecute him in their respective roles and official capacities.    (ECF No. 1, PageID.4).    Plaintiff seeks declaratory and prospective injunctive relief, requesting that Defendants be enjoined from pursuing criminal prosecution against him for failure to pay his child support.    (ECF No. 1, PageID.12).

An official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity under the Eleventh Amendment.    *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official).    Similarly, "prosecutorial immunity does not bar declaratory and injunctive relief."    *Bridges v. Blackmon*, No. 23-3911, 2024 WL 4615351, at *1 (6th Cir. May 8, 2024), *cert. denied*, 145 S. Ct. 1079, 220 L. Ed. 2d 395 (2025).

Specifically, the United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state.    *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).    The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes."    *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted).

5

The Supreme Court has cautioned that "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' "  *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

But, even if Plaintiff had standing, he fails to allege a violation of federal law under *Ladd*.   As such, the complaint should be dismissed, pursuant to Rule 12(b)(6), for failure to state a cognizable claim.

As a preliminary matter, "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011).   Moreover, Michigan courts have not explicitly recognized a parental right to counsel in child custody proceedings.   *See Gupton v. Gupton*, No. 367426, 2025 WL 1729983, at *3 (Mich. Ct. App. June 20, 2025). Plaintiff points to *Turner*, and *Lassiter v. Department of Social Services,* 452 U.S. 18 (1981), to support his claim otherwise, but Plaintiff misapplies these cases.   (ECF No. 1, PageID.6).

In *Turner*, the central question was "whether the Due Process Clause grants an indigent defendant, such as Turner, a right to state-appointed counsel at a *civil contempt proceeding*, which may lead to his incarceration."   564 U.S. at 441 (emphasis added). Here, Plaintiff does not allege that has been found in civil contempt, that he is facing civil contempt proceedings, or that he has been criminally charged for his arrears.   (ECF No. 1, PageID.5).   As such, *Turner* is inapplicable and does not create an automatic parental right to counsel in child custody proceedings.

6

Likewise, *Lassiter* is also inapplicable and does not stand for Plaintiff's contention. The *Lassiter* Court held that indigent parents do not have an absolute constitutional right to an appointed attorney in termination of parental rights cases. *Lassiter*, 452 U.S. at 31-32. Plaintiff alleges that the underlying state proceedings here concern child support, not termination of his parental rights. (ECF No. 1, PageID.3-4). Accordingly, neither of these cases that Plaintiff cites creates an automatic constitutional parental right to counsel in child custody proceedings.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). If either element is missing, plaintiff's Section 1983 claim will not prevail. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that his constitutional rights to counsel and due process were violated when he did not receive appointed counsel in the underlying child support proceedings. (ECF No. 1, PageID.7-10). But Plaintiff was not entitled to counsel in those proceedings, as discussed above, so his lack of appointed counsel cannot be the basis for his alleged constitutional violations under Section 1983. As such, Plaintiff fails to identify a constitutional right that Defendants infringed upon, and his claims

7

necessarily fail.   Accordingly, Plaintiff does not allege sufficient facts to support a claim upon which relief may be granted, and the undersigned recommends that Plaintiff's complaint be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted and that this action be terminated.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous and not made in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 4, 2026                                    /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge

8