UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN DAVID DEAK,                         )
          Plaintiff,                          )
                                              )         No. 1:26-cv-1610
v.                                            )
                                              )         Honorable Paul L. Maloney
MIKE SCHUITEMA, *ET AL.*,                     )
          Defendants.                         )
                                              )
_____     )

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Green's Report and Recommendation (R&R), (ECF No. 8), in which he recommended that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff, proceeding *in forma pauperis* in this case, objected to the R&R. (ECF No. 9). Plaintiff suggests that the "core question" in this case is whether "the State of Michigan [may] criminally prosecute" him "for failing to comply with a civil child support order that was entered without the appointment of counsel." (ECF No. 2). The answer to that question, based on binding legal authority, is straightforwardly yes, and Plaintiff's contrary conclusion relies on misrepresentations of the few cases he cites. The R&R will thus be adopted, and Plaintiff's complaint will be dismissed.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

In cases where the plaintiff proceeds in forma pauperis, courts must dismiss the case if they determine that the plaintiff fails to state a claim on which relief may be granted. U.S.C. § 1915(e)(2). To state a claim, "a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff seeks an injunction preventing Defendants, a local prosecutor and Michigan's Attorney General, from enforcing a criminal statute against him. The statute in question

2

allows criminal charges "[i]f the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order." Mich. Comp. Laws § 750.165. Plaintiff alleges that an order to pay child support was entered against him in civil proceedings. During those proceedings, he requested the appointment of counsel, and that request was denied. He alleges that he is in arrears on his child support payments and argues that any criminal prosecution of him for failure to pay would be constitutionally defective because he was denied appointed counsel in the civil proceeding.

Before discussing the R&R and Plaintiff's objections, some legal background is in order. In Michigan, child support orders emerge from adversarial civil proceedings in which defendants have "the opportunity to voice any objections," direct appeal is available, and "there are ample statutory provisions under which a party can seek to have [a] judgment revised to take into consideration changing financial circumstances." *People v. Adams*, 683 N.W.2d 729, 735 (Mich. Ct. App. 2004). In these civil proceedings, no person can be jailed or imprisoned—the Court determines a financial obligation. But if a child support order is entered in those proceedings and the person does not pay, the government may prosecute the person, and to convict, it must prove beyond a reasonable doubt "that (1) the defendant was required by a divorce order to support a child, (2) the defendant appeared in or received notice of the action in which the order was issued, and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered." *People v. Iannucci*, 887 N.W.2d 817, 818-19 (Mich. Ct. App. 2016). The civil proceeding in which the child support order is entered and the criminal proceedings for failure to pay are separate proceedings in

3

separate courts with different parties. *See People v. Likine*, 823 N.W.2d 50, 73 (Mich. 2012). "Neither the support order nor evidence of a defendant's failure to pay introduced in the family court proceedings, singly or together, establishes proof beyond a reasonable doubt that a defendant is guilty of felony nonsupport." *Id.* "[D]ifferent procedural safeguards exist in family court proceedings than in the criminal proceedings" in a felony nonsupport case, and in the criminal case, the defendant maintains "the full panoply of constitutional protections that inhere in any criminal prosecution, which are simply inapplicable in civil family court proceedings," including the right to counsel and present defenses which may not be relevant in a civil case. *Id.*

Indigent defendants have a Sixth Amendment right to counsel in criminal cases. *See Gideon v. Wainwright*, 372 U.S. 335 (1963). This right of an indigent litigant to counsel does not extend to all civil proceedings: an indigent litigant might have that right in a civil case "only when, if he loses, he may be deprived of his physical liberty," and even then, not in "*all* such cases." *Turner v. Rogers*, 564 U.S. 431, 443 (2011). In *Turner*, the Court held that "the Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration." *Id.* at 448. The Court held that because an indigent, unrepresented person was deprived of liberty without either counsel or adequate procedural safeguards, the proceeding resulting in his incarceration was in violation of the Due Process Clause. *See id.* at 448-49. In a case where the party claiming a right to counsel did not face a deprivation of physical liberty, but rather a termination of parental rights, the Court found that the Constitution did not require "the appointment of counsel in every parental

4

termination proceeding," and left decisions about "whether due process calls for the appointment of counsel for indigent parents in termination proceedings" to trial courts. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31-32 (1981).

Turning back to this case, Plaintiff argues that in the civil proceedings where his child support obligations were determined—where he never faced the possibility of losing his physical liberty—he had a right to counsel, and relies on *Turner* and *Lassiter*, two cases where the Court held that there was *not* a right to counsel. (*See* ECF No. 2 at PageID.24-27). To the extent that *Turner* and *Lassiter* are informative, they are so for civil contempt proceedings based on failure to pay a child support obligation and proceedings where parental rights could be terminated. This case involves neither. *Turner* is closer, but the suggested, non-necessary safeguards in *Turner* would apply in a proceeding where a person could be deprived of his liberty. *See* 564 U.S. at 447-48 (suggesting four safeguards in civil contempt proceedings and explaining that others might be sufficient). Here, that proceeding is a yet-to-begin criminal one with *greater* safeguards. Plaintiff was never proceeding on a firm foundation; no wonder, then, that the Magistrate Judge recommended finding that Plaintiff failed to state a claim. (*See* ECF No. 8 at PageID.49-52). The Court now addresses Plaintiff's objections.

Plaintiff's first objection relates to standing. The Magistrate Judge recommended finding that Plaintiff lacked standing because the prospect of his prosecution was merely speculative. (*Id.* at PageID.47-48). Plaintiff argues that there is a history of "past enforcement against the same conduct" establishing that "the threat of enforcement is not chimerical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014) (citation modified). But the

history to which Plaintiff alludes is not presented in the complaint. (*See* ECF No. 1 at PageID.3-5 ¶¶ 10-21). Instead, it is presented for the first time in the objections to the R&R: Plaintiff represents that felony arrest warrants have issued against him before for failing to pay his child support obligations. (ECF No. 9 at PageID.55). They cannot have been "pleaded with sufficient specificity in the original complaint," (*id.* at PageID.56), because they were not referenced at all. Plaintiff argues that he should be granted leave to amend his complaint rather than having it dismissed on standing grounds. (*See id.*). Amendments to the complaint must be made under Federal Rule of Civil Procedure 15, not through objections to an R&R. Even if the Court were amenable to breaking with normal procedure and allowing amendment to cure the standing issue, amendment would be futile substantively, as discussed below.

Plaintiff's second objection contains several distinct claims, none of which have merit. First, Plaintiff argues that the R&R contains references to child custody proceedings, when Plaintiff's argument is about determinations of child support. (ECF No. 9 at PageID.57). But the points made in the R&R are that *Turner* was about what due process required in civil contempt proceedings rather than prior child custody or child support proceedings, and that *Lassiter* was about cases where parental rights could be terminated. (ECF No. 8 at PageID.50-51). Second, Plaintiff argues that *Turner* entitled him to the suggested safeguards in the civil proceeding in which his child support obligations were determined. It did not: *Turner* applied safeguards only because the civil contempt proceeding resulted in incarceration. Plaintiff never argues that a potential criminal proceeding would have insufficient safeguards nor that he was ordered incarcerated during the child support

6

proceeding. That the existence of the child support order is a pertinent fact in a potential subsequent prosecution does not retroactively transform the independent family court proceeding into a *part of* the criminal proceeding. *See Likine*, 823 N.W.2d at 73. Third, Plaintiff argues that the R&R is circular. (ECF No. 9 at PageID.58-59). This argument rests on Plaintiff's confusion of the recommendation on standing and the recommendation on the merits and reveals no problems with either.

Plaintiff's third objection is that any criminal prosecution of him would be constitutionally defective because "the criminal offense is wholly derivative of the civil order," and he contends the R&R did not address this argument sufficiently. (*Id.* at PageID.59). But Plaintiff's argument on this score rests on his having a right to counsel during the civil proceeding, which the R&R did address. Further, Plaintiff's central contention that "the criminal offense is wholly derivative of the civil order" is incorrect. "Neither the support order nor evidence of a defendant's failure to pay introduced in the family court proceedings, singly or together, establishes proof beyond a reasonable doubt that a defendant is guilty of felony nonsupport." *Likine*, 823 N.W.2d at 73. Prosecutors in § 700.165 cases must prove beyond a reasonable doubt that the child support order exists, that the defendant was involved in the proceedings or was on notice, and that the defendant failed to pay. *Iannucci*, 887 N.W.2d at 818-19. Further, defendants may defeat a § 700.165 charge by raising an impossibility defense and presenting evidence that they could not pay despite reasonable efforts. *Likine*, 823 N.W.2d at 70. And people subject to child support orders may appeal in their civil proceedings and seek modifications of those orders. *Adams*, 683 N.W.2d at 735. The initial issuance of a child support order does not make criminal liability for failure

7

to follow it a *fait accompli,* as Plaintiff suggests. There is no authority suggesting that an independent civil proceeding can ever retroactively become part of a criminal proceeding, and Plaintiff's argument that there is even a robust connection between the two rests on a misstatement of the law. For *Turner* to apply, the child support proceeding would need to, alone, result in a deprivation of physical liberty. That simply is not the case, so Plaintiff's objection has no merit.

Plaintiff's fourth objection is to the conclusion in the R&R that any appeal "would be frivolous and not made in good faith." (ECF No. 8 at PageID.52). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). As discussed above, Plaintiff's legal claims rest on foundational misunderstandings of *Turner* and *Lassiter* and on inaccurate representations of Michigan law, so they lack any arguable basis in law. That makes them frivolous, so this objection has no merit.

Plaintiff's fifth and final objection is that he should be granted leave to amend rather than having his complaint dismissed. He cites two authorities for this claim. First, he cites *LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013). In *LaFountain,* the Sixth Circuit overruled a previous case which *required* dismissal without leave to amend at the screening stage, but left district courts with discretion as to whether to grant leave to amend. *See id.* So courts may still deny leave to amend based on, for example, "futility of the amendment." *Leary v. Daeschner,* 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). The second authority Plaintiff cites is *Brown v. Matauszak,* 415 F. App'x 608, 614 (6th Cir. 2011). Unfortunately, the quote that Plaintiff attributes to *Brown* is not in

8

that case.[1] In *Brown,* the court remanded a case, granting the pro se plaintiff leave to amend where his complaint failed to specially plead the claims he was allegedly prevented from making in his denial of access to courts claim; essentially, he failed to recognize that he "must plead a case within a case." *Id.* at 612. The court found when dismissal is based on a pro se plaintiff's "ignorance of special pleading requirements," dismissal without prejudice or leave to amend is appropriate. *Id.* at 615. *Brown* does not *require* courts to grant leave to amend or dismiss without prejudice if the proposed amendment would be futile. Plaintiff argues that in an amended complaint, he would "plead, with specificity, the two prior felony arrest warrants" and "the absence of each *Turner* safeguard in the underlying proceeding." (ECF No. 9 at PageID.61). But Plaintiff never had a right to an attorney or the "*Turner* safeguards" in the child support proceeding, as discussed above. The amendment would thus be futile, so leave to amend, even if properly requested, would have been denied, and dismissal with prejudice is appropriate. None of Plaintiff's objections have merit, so they are overruled.

## III.

Plaintiff's core argument, that he had a right to counsel in a civil proceeding where he could never have been deprived of his physical liberty, is unsupported by any legal authority. The few cases he does cite do not support the propositions for which they are cited, and the premise from which he makes his arguments rests on a misstatement of Michigan law. The

---

[1] The full sentence in Plaintiff's objection is: "And 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' *Brown v. Matauszak,* 415 F. App'x 608, 614 (6th Cir. 2011) (citation omitted)." Whether this false quotation is the product of an artificial intelligence "hallucination," *United States v. Farris,* 171 F.4th 920, 923 (6th Cir. 2026), is unclear, though the citation omitted parenthetical suggests that Plaintiff intended to submit at least some quoted language from *Brown* rather than accidentally including quotation marks.

9

10

Magistrate Judge properly recognized this on the face of Plaintiff's complaint, so the R&R

(ECF No. 8) is **ADOPTED.** Plaintiff's complaint (ECF No. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

Date:  June 18, 2026                                     /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge